**MVUINVESTORS, LLC, Plaintiff–Appellant,**

v.

**GENERAL ELECTRIC COMPANY, GE Healthcare, a unit of General Electric Company, Defendant–Appellee.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MvuInvestors, LLC, Plaintiff–
Appellant–Cross–
Appellee,

v.

General Electric Company, GE Health-
care, a unit of General Electric Com-
pany, Defendant–Appellee–Cross–Ap-
pellant.

Nos. 09–56855, 09–56998.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 17, 2011.

Filed March 2, 2011.

Theo Giovanni Arbucci, Esquire, Max-
well Michael Blecher, Esquire, Blecher &
Collins, PC, Los Angeles, CA, for Plain-
tiff–Appellant–Cross–Appellee.

Dennis Sean Ellis, Esquire, Melanie A.
Full, Esquire, Katherine F. Murray, Es-
quire, Paul Hastings Janofsky & Walker
LLP, Los Angeles, CA, for Defendant–
Appellee–Cross–Appellant.

Before: GOODWIN, KLEINFELD,
and PAEZ, Circuit Judges.

MEMORANDUM *

This is a diversity case for breach of
contract. The underlying facts of this ap-
peal are known to the parties and need not
be repeated. MvuInvestors, LLC (MVU)
alleges that General Electric (GE) and its
subsidiary, GE Healthcare, agreed to buy
MVU's patent portfolio of a portable mag-
netic-resonance-imaging (MRI) machine

for $3 million down, and up to $10 million
from future sales. The district court
ruled, among other things, that there was
no contract under California law and
granted summary judgment to GE and GE
Healthcare. MVU appeals. GE and GE
Healthcare cross-appeal the district court's
denial of their motion for Rule 11 sanctions
against MVU.

Even if we assume that the conflicting
evidence showed an oral contract subject
to conditions was formed under California
law, *see Kohn v. Jaymar–Ruby, Inc.*, 23
Cal.App.4th 1530, 1534, 28 Cal.Rptr.2d 780
(1994), we may affirm the district court's
grant of summary judgment on any
ground supported by the record. *See, e.g.,
Enlow v. Salem–Keizer Yellow Cab Co.*,
389 F.3d 802, 811 (9th Cir.2004). We con-
clude that summary judgment was appro-
priate because no reasonable factfinder
could find that the second of the two condi-
tions necessary for the oral contract to
become binding under California law—that
of researching the consumer market to
determine the viability of GE's invest-
ment—was ever met. *Platt Pac., Inc. v.
Andelson*, 6 Cal.4th 307, 24 Cal.Rptr.2d
597, 862 P.2d 158, 161–62 (1993).

The second condition related to GE re-
ceiving customer feedback about the porta-
ble MRI machine, and surveying these
past customers. MVU pointed to the de-
position testimony of MVU's chairman and
primary shareholder wherein he thought
that this "Condition ... had been satis-
fied." It was, in the sense of obtaining
some feedback, but it was not, in the sense
of obtaining positive feedback. To make
any sense, the condition had to mean ob-
taining positive customer feedback, not
just customer feedback regardless of

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

by 9th Cir. R. 36–3.

whether it was positive or negative. No evidence in the record establishes a genuine issue of fact as to the commercial viability for GE.

After construing, as we must, these facts in the light most favorable to MVU, *Vasquez v. Cnty. of Los Angeles,* 349 F.3d 634, 639–40 (9th Cir.2003), we conclude that a mere subjective legal opinion by the MVU chairman is not enough, on its own, to create a *genuine* issue of material fact. *See Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1028 n. 6 (9th Cir.2006) (observing that a plaintiff's subjective impressions, standing alone, may not create a genuine dispute of material fact). Indeed, our court's case law is clear that deposition testimony not within the deponent's personal knowledge, consisting of summary legal conclusions, does not create a genuine factual dispute. *See, e.g., Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir.2002).

Regarding the cross-appeal, although the transcripts of the proceedings show that the district court applied an incorrect standard for Rule 11 sanctions, *see Conn v. Borjorquez,* 967 F.2d 1418, 1420 (9th Cir. 1992), sanctions would have been inappropriate regardless because MVU's case had "a reasonable basis . . . in both law and in fact." *Larez v. Holcomb,* 16 F.3d 1513, 1522 (9th Cir.1994) (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)); *see also* Fed.R.Civ.P. 1 1(b). The district court's application of a subjective "bad faith" standard for Rule 11 sanctions was harmless because its conclusion that sanctions were inappropriate was compelled by the record.

We therefore **AFFIRM**.